## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TARO PHARAMCEUTICAL INDUSTRIES LTD., TARO PHARMACEUTICALS NORTH AMERICA, INC. and TARO PHARMACEUTICALS U.S.A., INC., | ) ) ) ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| ENCUBE ETHICALS PVT. LTD., | ) |
| | ) |
| Defendant. | ) |

C.A. No.

## COMPLAINT

Plaintiffs Taro Pharmaceutical Industries, Ltd., Taro Pharmaceuticals North America, Inc., and Taro Pharmaceuticals U.S.A., Inc. (collectively, "Taro" or "Plaintiffs"), for their Complaint against Defendant Encube Ethicals Pvt. Ltd. ("Encube" or Defendant"), by and through their attorneys, allege as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement of United States Patent No. 7,560,445 ("the '445 patent") and U.S. Patent No. 7,977,324 ("the '324 patent") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including, Hatch-Waxman Act, 35 U.S.C. § 271(e), and for declaratory judgment of infringement of the '445 and '324 patents under 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. §271. Plaintiffs institute this action to enforce their patent rights covering OVIDE® brand malathion lotion, 0.5%.

## PARTIES

2.      Plaintiff Taro Pharmaceutical Industries Ltd. is a corporation organized and existing under the laws of Israel, having its principal place of business at 14 Hakitor Street, Haifa Bay 26247, Israel.

RLF1 26344303v.1

3.      Plaintiff Taro Pharmaceuticals North America, Inc., is a corporation organized and existing under the laws of the Cayman Islands, having its principal place of business at 103South Church Street, Grand Cayman, Cayman Islands.

4.      Plaintiff Taro Pharmaceuticals U.S.A., Inc., is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 3 Skyline Drive, Hawthorne, New York.

5.      On information and belief, Defendant Encube Ethicals Pvt. Ltd. is a corporation organized and existing under the laws of India, having its principal place of business at Unit 24, Steelmade Industrial Estates, Andheri (E), Mumbai, 400 069 India.

## JURISDICTION AND VENUE

6.      This action arises under the patent laws of the United States of America, United States Code, Title 35 § 1, et seq., including § 271, and 28 U.S.C. §§ 2201 and 2202.  This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338, 2201, and 2202.

7.      This Court has personal jurisdiction over Encube by virtue of, *inter alia*, the fact that Encube has committed, or aided, abetted, contributed to, and/or participated in the commission of the tortious act of patent infringement that has led, or will lead, to foreseeable harm and injury to Taro, including in the State of Delaware, and because Encube has engaged in purposeful systematic and continuous contacts with the State of Delaware.  This Court has personal jurisdiction over Encube for the additional reasons setfor below and for other reasons that will be presented to the Court if jurisdiction is challenged.

8.      This Court has personal jurisdiction over Encube because, upon information and belief, Encube regularly does business in Delaware and had engaged in a persistent course of conduct within Delaware by continuously and systematically placing goods into thestream of

2

commerce for distribution throughout the United States, including Delaware, and/or by directly selling pharmaceutical products in Delaware.

9. This Court has personal jurisdiction over Encube by virtue of, *inter alia*, the fact that Encube distributes drug products for sale throughout the United States, including in this judicial district.

10. This Court has personal jurisdiction over Encube because, on information and belief, Encube has engaged in conduct that reliably predicts Delaware activities by Encube. On information and belief, by submitting ANDA No. 215611, Encube has taken the significant step of applying to the FDA for approval to engage in future activities that will be purposefully directed to Delaware.

11. This Court has personal jurisdiction over Encube by virtue of the fact that Encube has availed itself of the rights and benefits of Delaware law, and has engaged in systematic, continuous, constant, and pervasive contacts with the State of Delaware.

12. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

13. Suven Pharmaceuticals Ltd. holds approved Abbreviated New Drug Application No. 091559 for malathion lotion, 0.5%, which Taro sells under the registered trademark OVIDE®.

14. Taro is the owner of the '445 patent, entitled "Process for Preparing Malathion for Pharmaceutical Use." The '445 patent was duly and legally issued on July 14, 2009 and remains in force. A true and accurate copy of the '445 patent is attached hereto as Exhibit A.

15. Taro is the owner of the '324 patent, entitled "Process for Preparing Malathion for Pharmaceutical Use." The '324 patent was duly and legally issued on July 12, 2011, and remains in force. A true and accurate copy of the '324 patent is attached hereto as Exhibit B.

3

16.     Taro has caused the '445 and '324 patents to be listed in the FDA's *Approved Products with Therapeutic Equivalence Evaluations* (the "Orange Book") for OVIDE® malathion lotion, 0.5%.

17.     OVIDE® is covered by at least one claim of the '445 and '324 patents.

18.     On or around September 29, 2021, Encube informed Taro by letter that it had submitted, and the FDA had received, Encube's Abbreviated New Drug Application ("ANDA") No. 215611, under §505(j) of the Federal Food, Drug and Cosmetic Act ("FDCA"), seeking approval to engage in the commercial manufacture, use, or sale of malathion lotion, 0.5%.

19.     Encube's ANDA No. 215611 includes a Paragraph IV Certification pursuant to 21 U.S.C. § 355 (j)(2)(B)(iv) ("Encube's Paragraph IV Letter"), asserting that "the '445 and the '324 patents are invalid, unenforceable, or will not be infringed by the manufacture, use, or sale of Encube's proposed product for which Encube has submitted its ANDA."

20.     Attached to Encube's Paragraph IV Letter was a statement of the factual and legal bases for Encube's certification, including that certain claims of the '445 and '324 patents are invalid under 35 U.S.C. §§ 102 and/or 103.

21.     In Encube's Paragraph IV Letter, Encube did not identify any factual or legal basis as to why claims 12-39 of the '445 patent and all claims of the '324 patent will not be infringed by the manufacture, use, or sale of its proposed generic malathion lotion, USP, 5% beyond its assertion that certain claims of the '445 patent and '324 patent are invalid.

22.     On information and belief, following FDA approval of ANDA No. 215611, Encube will manufacture, sell, offer to sell, and/or import its approved generic version of malathion lotion, 0.5% throughout the United States, including in this judicial district.

4

23.    On information and belief, following FDA approval of ANDA No. 215611, Encube will sell and/or offer to sell its approved generic version of malathion lotion, 0.5% manufactured by Encube throughout the United States, including in this judicial district.

24.    Taro filed this Complaint and commenced this action within 45 days of the date of receipt of Encube's Paragraph IV Letter dated September 29, 2021.

## COUNT I

### *Infringement of the '445 Patent Under 35 U.S.C. § 271(e)(2)*

25.    Taro incorporates each of the preceding paragraphs as if fully set forth herein.

26.    The '445 patent is valid and enforceable, and Taro has complied with all applicable regulations and laws.

27.    By filing ANDA 215611 to obtain approval to engage in the commercial manufacture, importation, use, sale, or offer for sale of its proposed generic malathion lotion, 0.5% throughout the United States before the expiration of the '445 patent, Encube has committed an act of patent infringement under 35 U.S.C. § 271(e)(2).

28.    On information and belief, Encube's ANDA seeks approval to manufacture, use or sell pharmaceutical formulations containing malathion, containing the precise compound described and claimed in the '445 patent.

29.    The commercial manufacture, importation, use, sale, or offer for sale of Encube's proposed generic malathion lotion 0.5% will constitute an act of direct infringement of at least one claim of the '445 patent, either literally or under the doctrine of equivalents.

30.    The commercial manufacture, importation, use, sale, or offer for sale of Encube's proposed generic malathion lotion 0.5% in violation of Taro's patent rights will cause harm to Taro for which damages are inadequate.

5

RLF1 26344303v.1

31.    Taro is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *interalia*, an order of this Court stating that the effective date of approval for Encube's ANDA 215611 to be a date that is not earlier than the expiration date of the '445 patent.

32.    Unless and until Encube is enjoined from infringing the '445 patent, Taro will suffer irreparable injury for which damages are an inadequate remedy.

## COUNT II

### *Declaratory Judgment of Infringement of the '445 Patent*

33.    Taro incorporates each of the preceding paragraphs as if fully set forth herein.

34.    This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

35.    There is an actual case or controversy such that the Court may entertain Taro's request for declaratory relief consistent with Article III of the United States Constitution, and the actual case or controversy requires a declaration of rights by this Court.

36.    On information and belief, Encube will engage in the commercial manufacture, importation, use, sale, or offer for sale of Encube's proposed generic malathion lotion 0.5% immediately and imminently upon approval of ANDA No. 215611.

37.    Encube's actions, including, but not limited to, the development of its proposed generic malathion lotion 0.5%, and the filing of an ANDA with a Paragraph IV certification, reliably predict that Encube has made and will continue to make, substantial preparation in the United States, including the District of Delaware, to manufacture, sell, offer to sell, and/or import its proposed generic malathion lotion 0.5% prior to the expiration of the '445 patent.

38.    The commercial manufacture, importation, use, sale, or offer for sale of Encube's proposed generic malathion lotion 0.5% will constitute an act of direct infringementof at least one claim of the '445 patent, either literally or under the doctrine of equivalents.

6

39. The commercial manufacture, importation, use, sale, or offer for sale of Encube's proposed generic malathion lotion 0.5% in violation of Taro's patent rights will cause harm to Taro for which damages are inadequate.

40. Taro is entitled to a declaratory judgment that the future commercial manufacture, use, offer for sale, sale and/or importation of Encube's proposed generic malathion lotion 0.5% before the expiration date of the '445 patent will constitute direct infringement of at least one claim of the '445 patent, either literally or under the doctrine of equivalents.

41. Unless and until Encube is enjoined from infringing the '445 patent, Taro will suffer irreparable injury for which damages are an inadequate remedy.

## COUNT III

### *Infringement of the '324 Patent Under 35 U.S.C. § 271(e)(2)*

42. Taro incorporates each of the preceding paragraphs as if fully set forth herein.

43. The '324 patent is valid and enforceable, and Taro has complied with all applicable regulations and laws.

44. By filing ANDA 215611 to obtain approval to engage in the commercial manufacture, importation, use, sale, or offer for sale of its proposed generic malathion lotion, 0.5% throughout the United States before the expiration of the '324 patent, Encube has committed an act of patent infringement under 35 U.S.C. § 271(e)(2).

45. On information and belief, Encube's ANDA seeks approval to manufacture, use or sell pharmaceutical formulations containing malathion, containing the precise compound described and claimed in the '324 patent.

7

46.     The commercial manufacture, importation, use, sale, or offer for sale of Encube's proposed generic malathion lotion 0.5% will constitute an act of direct infringementof at least one claim of the '324 patent, either literally or under the doctrine of equivalents.

47.     The commercial manufacture, importation, use, sale, or offer for sale of Encube's proposed generic malathion lotion 0.5% in violation of Taro's patent rights will cause harm to Taro for which damages are inadequate.

48.     Taro is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *interalia*, an order of this Court stating that the effective date of approval for Encube's ANDA 215611 to be a date that is not earlier than the expiration date of the '324 patent.

49.     Unless and until Encube is enjoined from infringing the '324 patent, Taro will suffer irreparable injury for which damages are an inadequate remedy.

**COUNT IV**

***Declaratory Judgment of Infringement of the '324 Patent***

50.     Taro incorporates each of the preceding paragraphs as if fully set forth herein.

51.     This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

52.     There is an actual case or controversy such that the Court may entertain Taro's request for declaratory relief consistent with Article III of the United States Constitution, and the actual case or controversy requires a declaration of rights by this Court.

53.     On information and belief, Encube will engage in the commercial manufacture, importation, use, sale, or offer for sale of Encube's proposed generic malathion lotion 0.5% immediately and imminently upon approval of ANDA No. 215611.

54.     Encube's actions, including, but not limited to, the development of its proposed generic malathion lotion 0.5%, and the filing of an ANDA with a Paragraph IV certification,

reliably predict that Encube has made and will continue to make, substantial preparation in the United States, including the District of Delaware, to manufacture, sell, offer to sell, and/or import its proposed generic malathion lotion 0.5% prior to the expiration of the '324 patent.

55.     The commercial manufacture, importation, use, sale, or offer for sale of Encube's proposed generic malathion lotion 0.5% will constitute an act of direct infringementof at least one claim of the '324 patent, either literally or under the doctrine of equivalents.

56.     The commercial manufacture, importation, use, sale, or offer for sale of Encube's proposed generic malathion lotion 0.5% in violation of Taro's patent rights will cause harm to Taro for which damages are inadequate.

57.     Taro is entitled to a declaratory judgment that the future commercial manufacture, use, offer for sale, sale and/or importation of Encube's proposed generic malathion lotion 0.5% before the expiration date of the '324 patent will constitute direct infringement of at least one claim of the '324 patent, either literally or under the doctrine of equivalents.

58.     Unless and until Encube is enjoined from infringing the '324 patent, Taro willsuffer irreparable injury for which damages are an inadequate remedy.

## PRAYER FOR RELIEF

**WHEREFORE**, Taro respectfully requests the following relief:

A.     A judgment that the '445 and '324 patents are valid and enforceable,

B.     A judgment that Encube has infringed at least one claim of the '445 patent and at least one claim of the '324 patent under 35 U.S.C. §271(e)(2) by filing the ANDA No. 215611;

C.     An Order pursuant to 25 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of Encube's ANDA No. 215611 shall be a date which is not earlier than

9

the expiration date of the '445 and '324 patents, as extended by any applicable period of exclusivity;

D.    An injunction pursuant to 35 U.S.C. § 271(e)(4)(B) permanently enjoining Encube, its officers, agents, attorneys, servants, employees, representatives, licensees, and employees, and those acting in privity or concert with it, from engaging in the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the UnitedStates, of generic malathion products as claimed in the '445 and '324 patents;

E.    A judgment declaring that if Encube engages in the commercial manufacture, use, offer to sell, sale, or importation of Encube's generic product disclosed in its ANDA No. 215611 prior to the expiration of the '445 or '324 patent, as extended by any applicable period ofexclusivity, a preliminary injunction and/or permanent injunction will be entered enjoining such conduct pursuant to 35 U.S.C. § 283;

F.    A judgment declaring that if Encube engages in the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of Encube's generic product disclosed in its ANDA No. 215611 prior to the expiration of the '445 or '324 patent, as extended by any applicable period of exclusivity, Plaintiffs are entitled to damages or other monetary relief, including pre-judgment and post-judgment interest, resulting from such infringement under 35 U.S.C. § 271(e)(4)(C);

G.    A judgment pursuant to 28 U.S.C. § 2201 declaring that if Encube, its officers, agents, attorneys, servants, employees, representatives, licensees, and employees, and those acting in privity or concert with it, engage in the commercial

RLF1 26344303v.1

manufacture, use, offer to sell, or sale, or importation of Encube's proposed generic malathion lotion, 0.5% prior to the expiration of the '445 and '324 patents, it will constitute an act of infringement of the '445 and'324 patents;

H.    A judgment that this is an exceptional case under 35 U.S.C. § 285, and that Taro be awarded reasonable attorneys' fees and costs;

I.    Such other and further relief as the Court may deem just and proper.

|                          | /s/ Kelly E. Farnan                              |
|--------------------------|--------------------------------------------------|
|                          | Kelly E. Farnan                                  |
| OF COUNSEL:              | Richards, Layton & Finger, P.A.                  |
| Charles B. Klein         | One Rodney Square                                |
| Jovial Wong              | 920 North King Street                            |
| Sharon Lin               | Wilmington, DE 19801                             |
| WINSTON & STRAWN LLP     | (302) 651-7700                                   |
| 1901 L Street, N.W.      | farnan@rlf.com                                   |
| Washington, DC 20036     |                                                  |
| (202) 282-5000           | *Attorneys for Plaintiffs*                       |
| cklein@winston.com       | *Taro Pharmaceutical Industries Ltd, Taro*       |
| jwong@winston.com        | *Pharmaceuticals North America, Inc. and Taro*   |
| slin@winston.com         | *Pharmaceuticals U.S.A., Inc.*                   |

Dated:  November 15, 2021

11

RLF1 26344303v.1