**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TARO PHARMACEUTICAL INDUSTRIES LTD., TARO PHARMACEUTICALS NORTH AMERICA, INC. and TARO PHARMACEUTICALS U.S.A., INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ENCUBE ETHICALS PRIVATE LIMITED,<br><br>Defendants | C.A. No. 21-1614-RGA |

**DEFENDANT ENCUBE ETHICALS PRIVATE LIMITED'S ANSWER TO THE COMPLAINT, ADDITIONAL DEFENSES AND COUNTERCLAIMS**

Defendant Encube Ethicals Private Limited ("Encube"), by its counsel, hereby responds to the allegations set forth in Plaintiffs Taro Pharmaceutical Industries, Ltd., Taro Pharmaceuticals North America, Inc. and Taro Pharmaceuticals U.S.A., Inc. (collectively, "Taro" or "Plaintiffs")'s Complaint against Encube. This response is based on Encube's current knowledge as to its own activities, and on information and belief as to the activities of others. If not specifically admitted herein, the allegations of the Complaint are denied. The headings in Plaintiffs' Complaint are copied herein for convenience only, and any allegations in such headings are denied.

## NATURE OF THE ACTION

1. Encube admits that this action purports to arise under the Patent Laws, Title 35, United States Code, including 35 U.S.C. § 271(e), and under 28 U.S.C. §§ 2201 and 2202. Encube further admits that Plaintiffs purport to seek relief from alleged infringement by Encube of U.S. Patents No. 7,560,445 ("the '445 patent"), 7,977,324 ("the '324 patent") (collectively, "the asserted patents"). Encube admits that it filed ANDA No. 215611 with the FDA to seek approval

to sell its proposed ANDA product as a generic version of the Ovide® drug product prior to the expiration of the asserted patents. Encube denies any remaining allegations in this paragraph.

## PARTIES

2. Encube is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint and therefore denies them.

3. Encube is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint and therefore denies them.

4. Encube is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and therefore denies them.

5. Admitted.

## JURISDICTION AND VENUE

6. Paragraph 6 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Encube will not contest subject matter jurisdiction in this Court solely for the purposes of Plaintiffs' Complaint in this case and solely as applied to Encube's proposed ANDA product described in ANDA No. 215611. Encube denies any remaining allegations in this paragraph.

7. Paragraph 7 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Encube will not contest personal jurisdiction for the limited purpose of this action only. Encube denies any remaining allegations in this paragraph.

8. Paragraph 8 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Encube will not contest personal jurisdiction for the limited purpose of this action only. Encube denies any remaining allegations in this paragraph.

9. Paragraph 9 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Encube will not contest personal jurisdiction for

the limited purpose of this action only. Encube denies any remaining allegations in this paragraph.

10. Paragraph 10 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Encube admits that it filed ANDA No. 215611 with the FDA, seeking regulatory approval to make and sell malathion lotion throughout the United States, including Delaware. Encube further states that it will not contest personal jurisdiction for the limited purpose of this action only. Encube denies any remaining allegations in this paragraph.

11. Paragraph 11 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Encube will not contest personal jurisdiction for the limited purpose of this action only. Encube denies any remaining allegations in this paragraph.

12. Paragraph 12 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Encube will not contest venue for the limited purpose of this action only. Encube denies any remaining allegations in this paragraph.

## FACTUAL BACKGROUND

13. Encube is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and therefore denies them.

14. Encube admits that the copy of what purports to be the ’445 patent in Ex. A to Plaintiffs’ Complaint bears the title “Process for Preparing Malathion for Pharmaceutical Use,” names “Taro Pharmaceuticals North America, Inc., Cayman (KY)” as assignee, and bears an issue date of July 14, 2009. Encube is without knowledge or information sufficient to form a belief as to the truth of the allegations of Taro’s ownership assertion of the ’445 patent, that Ex. A is a “true and accurate copy of the ’445 patent,” or that the ’445 patent “remains in force.” Encube denies that the ’445 patent was “duly and legally issued.”

15. Encube admits that the copy of what purports to be the ’324 patent in Ex. B to Plaintiffs’ Complaint bears the title “Process for Preparing Malathion for Pharmaceutical Use,”

names "Taro Pharmaceuticals North America, Inc., Cayman (KY)" as assignee, and bears an issue date of July 12, 2011. Encube is without knowledge or information sufficient to form a belief as to the truth of the allegations that Taro is the owner of the '324 patent, that Ex. B is a "true and accurate copy of the '324 patent," or that the '324 patent "remains in force." Encube denies that the '334 patent was "duly and legally issued."

16. Encube admits that the '445 and '324 patents are presently listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations ("Orange Book") in association with Ovide®. Encube is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 that "Taro has caused the '445 and '324 patents to be listed" and therefore denies them.

17. Encube is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint and therefore denies them.

18. Admitted

19. Admitted

20. Encube admits that, attached to Encube's Paragraph IV Letter was a statement of factual and legal bases for Encube's certification, bases of which Encube was aware as of the date of Encube's Paragraph IV Letter, having not yet conducted any discovery in this litigation, that the Asserted Patents are invalid, unenforceable, and/or would not be infringed by the commercial manufacture, use, sale, or offer for sale of Encube's proposed ANDA product described in ANDA No. 215611. Encube denies any remaining allegations in this paragraph.

21. Admitted.

22. Encube admits that it filed ANDA No. 215611 with the FDA seeking approval to manufacture, sell, offer to sell, and/or import its proposed ANDA product as a generic version of

the Ovide® drug product throughout the United States, including Delaware. Encube denies any remaining allegations in this paragraph.

23. Encube admits that it filed ANDA No. 215611 with the FDA seeking approval to sell and/or offer to sell its proposed ANDA product as a generic version of the Ovide® drug product throughout the United States, including Delaware. Encube denies any remaining allegations in this paragraph.

24. On information and belief, admitted

**COUNT I**

***Infringement of the '445 Patent Under 35 U.S.C. § 271(e)(2)***

25. Encube incorporates each of the preceding paragraphs 1-24 as if fully set forth herein.

26. Denied.

27. Paragraph 27 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, filing of an ANDA to the FDA is merely a technical act of infringement and does not carry with it any implications of willful infringement, contributory infringement or inducement of infringement under 35 U.S.C. § 271(a), (b), and/or (c). Encube denies any remaining allegations in this paragraph.

28. Encube denies that the '445 patent claims any "precise compound" and for this reason denies any remaining allegations in this paragraph.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

## COUNT II

***Declaratory Judgement of Infringement of the '445 Patent***

33. Encube incorporates each of the preceding paragraphs 1-32 as if fully set forth herein.

34. Encube is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint and therefore denies them.

35. Paragraph 35 of the Complaint states a legal conclusion to which no response is required. Encube denies any remaining allegations in this paragraph.

36. Encube admits that it filed ANDA No. 215611 with the FDA seeking approval to manufacture, sell, offer to sell, and/or import its proposed ANDA product as a generic version of the Ovide® drug product throughout the United States, including Delaware. Encube denies any remaining allegations in this paragraph.

37. Admitted that Encube filed an ANDA for regulatory approval of its product malathion lotion. Filing an ANDA with the FDA is merely a technical act of infringement and does not carry with it any implications of infringement, contributory infringement, or inducement of infringement under 35 U.S.C. § 271(a), (b), and/or (c). Encube denies any remaining allegations in this paragraph.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## COUNT III

***Infringement of the '324 Patent Under 35 U.S.C. § 271(e)(2)***

42. Encube incorporates each of the preceding paragraphs 1-41 as if fully set forth

herein.

43. Denied.

44. Paragraph 44 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Encube asserts that filing an ANDA with the FDA is merely a technical act of infringement and does not carry with it any implications of infringement, contributory infringement, or inducement of infringement under 35 U.S.C. § 271(a), (b), and/or (c). Encube denies any remaining allegations in this paragraph.

45. Encube denies that the ’324 patent claims any “precise compound” and for this reason denies any remaining allegations in this paragraph

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## COUNT IV

***Declaratory Judgement of Infringement of the ’324 Patent***

50. Encube incorporates each of the preceding paragraphs 1-49 as if fully set forth herein.

51. Paragraph 51 of the Complaint states a legal conclusion to which no response is required. Encube denies any remaining allegations in this paragraph.

52. Paragraph 52 of the Complaint states a legal conclusion to which no response is required. Encube denies any remaining allegations in this paragraph.

53. Encube admits that it filed ANDA No. 215611 with the FDA seeking approval to manufacture, sell, offer to sell, and/or import its proposed ANDA product as a generic version of the Ovide® drug product throughout the United States, including Delaware. Encube denies any

remaining allegations in this paragraph.

54. Admitted that Encube filed an ANDA for regulatory approval of its proposed product, malathion lotion. Filing an ANDA with the FDA is merely a technical act of infringement and does not carry with it any implications of infringement, contributory infringement, or inducement of infringement under 35 U.S.C. § 271(a), (b), and/or (c). Encube denies any remaining allegations in this paragraph.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## PLAINTIFFS' PRAYER FOR RELIEF

Encube denies that Plaintiffs are entitled to any of the relief sought in their Prayer for Relief.

## AFFIRMATIVE DEFENSES

An allegation of any defense below is not an admission that Encube bears the burden of proof or persuasion on any claim or issue.

### First Affirmative Defense – Non-Infringement

Encube has not infringed, is not infringing, will not infringe, will not induce to infringe, and will not contribute to infringement of, literally or under the doctrine of equivalents, any valid and enforceable claim of any of the Asserted Patents.

### Second Affirmative Defense – Invalidity or Unenforceability

The claims of the Asserted Patents are invalid and/or unenforceable for failure to satisfy the requirements of Title 35 of the United States Code, including, without limitation, one or more of 35 U.S.C. §§ 101, 102, 103, 112, and 116 and/or for double patenting.

**Third Affirmative Defense – Failure to State a Claim**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

**RESERVATION OF ADDITIONAL DEFENSES**

Encube reserves the right to assert such other defenses and damages, if such defenses or and damages are discovered during the course of this litigation.

**COUNTERCLAIMS**

Without admitting any of the allegations of Plaintiffs other than those expressly admitted herein, and without prejudice of the right to plead additional Counterclaims as the facts of the matter warrant, Encube Ethicals Private Limited ("Encube") hereby asserts the following Counterclaims against Taro Pharmaceutical Industries, Ltd., Taro Pharmaceuticals North America, Inc., and Taro Pharmaceuticals U.S.A., Inc. ("Taro" or "Plaintiffs").

**PARTIES**

1. Encube is a corporation organized and existing under the laws of Maharashtra, India, having its principal place of business at Steelmade Industrial Estate, Marol Village, Andheri (E), Mumbai-59 India.

2. Upon information and belief, Taro Pharmaceutical Industries Ltd. is a corporation organized and existing under the laws of Israel, having its principal place of business at 14 Hakitor Street, Haifa Bay 26247, Israel.

3. Upon information and belief, Taro Pharmaceuticals North America, Inc., is a corporation organized and existing under the laws of the Cayman Islands, having its principal place of business at 103 South Church Street, Grand Cayman, Cayman Islands.

4. Upon information and belief, Taro Pharmaceuticals U.S.A., Inc., is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 3 Skyline Drive, Hawthorne, New York.

## JURISDICTION AND VENUE

5. This is a declaratory judgement action arising under the patent laws of the United States, Title 35, United States Code. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). The requested relief is authorized by the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6. Personal jurisdiction over Taro is proper because Taro initiated and is prosecuting this action in this district. Further, upon information and belief, Taro has, directly or through intermediaries, committed acts within Delaware such that the existence of jurisdiction would not offend traditional notions or fair play and justice.

7. In addition, this Court has personal jurisdiction over Taro because Taro regularly engages in patent litigation concerning FDA-approved branded drug products in this district, has previously not contested personal jurisdiction in this district, and has availed itself of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

9. U.S. Patent 7,560,445 ("the '445 patent") is entitled "Process for Preparing Malathion for Pharmaceutical Use" and states that it was issued on July 14, 2009.

10. U.S. Patent 7,977,324 ("the '324 patent") is entitled "Process for Preparing Malathion for Pharmaceutical Use" and states that it was issued on July 12, 2011.

11. Upon information and belief, Taro is the owner of the '445 and '324 patents.

12. Upon information and belief, Suven Pharmaceutical Ltd. holds approved Abbreviated New Drug Application (ANDA) No. 091559 for 0.5% malathion lotion, which Taro sells under the registered trademark Ovide®.

13. The '445 and '324 patents are listed in the Approved Drug Products with

Therapeutic Equivalence Evaluations ("the Orange Book") in connection with Ovide® product.

14. Encube submitted Abbreviated New Drug Application ("ANDA") No. 215611 to the FDA under 21 U.S.C. § 355(j) seeking approval for the commercial manufacture, use, or sale in the United States of malathion lotion, 0.5%. ANDA No. 215611 includes certifications under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act that the '445 and '324 patents are invalid and/or will not be infringed by the commercial manufacture, use, or sale of the products described therein.

15. On September 29, 2021, Encube notified Taro of its patent certifications (the "Paragraph IV Notice letter").

16. On November 15, 2021, Taro filed this lawsuit alleging infringement of the '445 and '324 patents.

**COUNT I**

**DECLARATORY JUDGEMENT OF INVALIDITY OF THE '445 PATENT**

17. Encube re-alleges and incorporates paragraphs 1-16 of this Counterclaim.

18. There is an actual, substantial, continuing, and justifiable controversy between the parties regarding the invalidity of the '445 patent, based on Taro's allegations in its Complaint that Encube has infringed or will infringe the '445 patent.

19. The claims of the '445 patent are invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

20. Encube notified Taro in the Paragraph IV Notice Letter that it had submitted the Encube ANDA to the FDA seeking approval to engage in the commercial manufacture, use, and/or sale of Encube's proposed ANDA product prior to the expiration of the '445 patent.

21. The Paragraph IV Notice Letter included a detailed statement of factual and legal

bases that the claims 12-39 of the ’445 patent are invalid.

22. Encube incorporates by reference the factual and legal bases provided in the Paragraph IV Notice letter for the allegation that the claims of the ’445 patent are invalid.

23. Encube is entitled to a judicial declaration that the claims of the ’445 patent are invalid.

**COUNT II**

**DECLARATORY JUDGEMENT OF INVALIDITY OF THE ’324 PATENT**

24. Encube re-alleges and incorporates paragraphs 1-23 of this Counterclaim.

25. There is an actual, substantial, continuing, and justifiable controversy between the parties regarding the invalidity of the ’324 patent, based on Taro’s allegations in its Complaint that Encube has infringed or will infringe the ’324 patent.

26. Each and every claim of the ’324 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

27. Encube notified Taro in the Paragraph IV Notice Letter that it had submitted the Encube ANDA to the FDA seeking approval to engage in the commercial manufacture, use, and/or sale of Encube’s proposed ANDA product prior to the expiration of the ’324 patent.

28. The Paragraph IV Notice Letter included a detailed statement of factual and legal bases that the claims of the ’324 patent are invalid.

29. Encube incorporates by reference the factual and legal bases provided in the Paragraph IV Notice letter for the allegation that the claims of the ’324 patent are invalid.

30. Encube is entitled to a judicial declaration that the claims of the ’324 patent are invalid.

**COUNT III**

**DECLARATORY JUDGEMENT OF NON-INFRINGEMENT OF THE ’445 PATENT**

31. Encube re-alleges and incorporates paragraphs 1-30 of this Counterclaim.

32. There is an actual, substantial, continuing, and justifiable controversy between the parties regarding whether the filing of the Encube’s ANDA and/or the manufacture, use, offer to sell, sale, and/or importation into the United States of Encube’s proposed ANDA product infringes, has infringed, or will infringe any valid claim of the ’445 patent either directly or indirectly, and either literally or under the doctrine of equivalents.

33. Encube has not infringed, contributed to the infringement of, or induced infringement of any valid claim of the ’445 patent either literally or under the doctrine of equivalents. For example, the claims of the ’445 patent are invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112. Because one cannot infringe an invalid claim, the claims of the ’445 patent are not infringed directly, indirectly, literally, or under the doctrine of equivalents.

34. The Paragraph IV Notice Letter included a detailed statement of factual and legal bases that the claims of the ’445 patent are not infringed and/or invalid.

35. Encube incorporates by reference the factual and legal bases provided in the Paragraph IV Notice letter for the allegation that the claims of the ’445 patent are not infringed and/or invalid.

36. Encube is entitled to a judicial declaration that the claims of the ’445 patent are not infringed, directly, contributorily, or by inducement, either literally or under the doctrine of equivalents, and that the manufacture, use, sale, offer for sale, or importation of the product described in ANDA No. 215611 has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the ’445 patent.

**COUNT IV**

**DECLARATORY JUDGEMENT OF NON-INFRINGEMENT OF THE '324 PATENT**

37. Encube re-alleges and incorporates paragraphs 1-36 of this Counterclaim.

38. There is an actual, substantial, continuing, and justifiable controversy between the parties regarding whether the filing of the Encube's ANDA and/or the manufacture, use, offer to sell, sale, and/or importation into the United States of Encube's proposed ANDA product infringes, has infringed, or will infringe any valid claim of the '324 patent either directly or indirectly, and either literally or under the doctrine of equivalents.

39. Encube has not infringed, contributed to the infringement of, or induced infringement of any valid claim of the '324 patent either literally or under the doctrine of equivalents. For example, the claims of the '324 patent are invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112. Because one cannot infringe an invalid claim, the claims of the '324 patent are not infringed directly, indirectly, literally, or under the doctrine of equivalents.

40. The Paragraph IV Notice Letter included a detailed statement of factual and legal bases that the claims of the '324 patent are invalid and/or otherwise not infringed.

41. Encube incorporates by reference the factual and legal bases provided in the Paragraph IV Notice letter for the allegation that the claims of the '324 patent are invalid and/or otherwise not infringed.

42. Encube is entitled to a judicial declaration that the claims of the '324 patent are not infringed, directly, contributorily, or by inducement, either literally or under the doctrine of equivalents, and that the manufacture, use, sale, offer for sale, or importation of the product described in ANDA No. 215611 has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the '324 patent.

**COUNTERCLAIM PLAINTIFF'S PRAYER FOR RELIEF**

WHEREFORE, Encube respectfully prays that this Court enter judgment in Encube's favor and against Taro, and issue an order:

A. Dismissing Taro's Complaint with prejudice;

B. Denying Taro any of the relief it requested in the Complaint;

C. Declaring all claims of the '445 and '324 patents invalid;

D. Declaring that the filing of ANDA No. 215611 did not infringe any valid and enforceable claim of the '445 and '324 patents;

E. Declaring that the manufacture, use, sale, offer for sale, and/or importation into the United States of the products described in ANDA No. 215611 would not directly or indirectly infringe any valid and enforceable claim of the '445 and '324 patents;

F. Declaring that the 30-month time period referred to in 21 U.S.C. § 355(j)(5)(B)(iii) be shortened to expire immediately;

G. Declaring this case exceptional in favor of Encube pursuant to 35 U.S.C. § 285;

H. Awarding costs and attorneys' fees to Encube; and

I. Awarding Encube such other and further relief as the Court deems just and proper.

Date: November 19, 2021

Respectfully submitted,

*Of Counsel:*
Dmitry V. Shelhoff
Kenneth S. Canfield
Edward D. Pergament
PERGAMENT & CEPEDA LLP
25A Hanover Road, Suite 104
Florham Park, NJ 07932
(973) 998-7722
dshelhoff@pergamentcepeda.com
kcanfield@pergamentcepeda.com
epergament@pergamentcepeda.com

*/s/ Benjamin J. Schladweiler*
Benjamin J. Schladweiler (#4601)
GREENBERG TRAURIG, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
(302) 661-7000
schladweilerb@gtlaw.com

*Counsel for Defendant Encube Pharma Private Limited*