**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TARO PHARAMCEUTICAL INDUSTRIES LTD., TARO PHARMACEUTICALS NORTH AMERICA, INC. and TARO PHARMACEUTICALS U.S.A., INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ENCUBE ETHICALS PVT. LTD.,<br><br>Defendant. | C.A. No. 21-1614-RGA |

**<u>TARO'S ANSWER TO ENCUBE'S COUNTERCLAIMS</u>**

Plaintiffs Taro Pharmaceutical Industries Ltd., Taro Pharmaceuticals North America, Inc. and Taro Pharmaceuticals U.S.A., Inc. (collectively, "Taro"), by and through their undersigned counsel, provide the following answers to Encube Ethicals Pvt. Ltd.'s ("Encube") counterclaims, dated November 19, 2021 (ECF No. 7). This pleading is based upon Taro's knowledge as to its own activities, and upon information and belief as to other matters. Pursuant to Fed. R. Civ. P. 8(b)(3), Taro denies all allegations in Encube's counterclaims except those admitted specifically below.

**<u>THE PARTIES</u>**

1. Taro admits on information and belief the allegations in paragraph 1.

2. Admitted.

3. Admitted.

4. Admitted.

**<u>JURISDICTION AND VENUE</u>**

5. This paragraph contains legal conclusions to which no answer is required. To the

extent a response is required, Taro admits that this Court has jurisdiction over Encube's counterclaims for the purposes of this action only, and expressly reserves the right to contest jurisdiction as to any other party. Taro specifically denies that Encube is entitled to any relief. Taro denies the remaining allegations of paragraph 5.

6. This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Taro does not contest personal jurisdiction for the purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party. Taro otherwise denies the remaining allegations of Paragraph 6.

7. This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Taro does not contest personal jurisdiction for the purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party. Taro otherwise denies the remaining allegations of Paragraph 7.

8. This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Taro does not contest venue for the purposes of this action only, and expressly reserves the right to contest venue in any other case as to any party. Taro otherwise denies the remaining allegations of Paragraph 8.

**FACTUAL BACKGROUND**

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Taro admits that on or around September 29, 2021, Encube informed Taro by letter

that it had submitted, and the FDA had received, Encube's Abbreviated New Drug Application ("ANDA") No. 215611, under §505(j) of the Federal Food, Drug and Cosmetic Act ("FDCA"), seeking approval to engage in the commercial manufacture, use, or sale of malathion lotion, 0.5%. Taro further admits that Encube's ANDA No. 215611 includes a Paragraph IV Certification pursuant to21 U.S.C. § 355 (j)(2)(B)(iv) asserting that "the '445 and the '324 patents are invalid, unenforceable, or will not be infringed by the manufacture, use, or sale of Encube's proposed product for which Encube has submitted its ANDA." Taro otherwise denies the remaining allegations of Paragraph 14.

15. Taro admits that on or around September 29, 2021 it received a letter from Encube and refers to that letter for the contents thereof. Taro otherwise denies the remaining allegations of Paragraph 15.

16. Taro admits that on November 15, 2021, Taro filed a complaint against Encube alleging infringement of the '445 and '324 patents. Taro otherwise denies the remaining allegations of Paragraph 16.

**COUNT I**

**DECLARATORY JUDGMENT OF INVALIDITY OF THE '445 PATENT**

17. To the extent an answer to Paragraph 17 is required, Taro incorporates by reference its answers to the foregoing paragraphs as if fully set forth herein.

18. This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Taro admits that a justiciable controversy exists between Taro and Encube regarding the '445 patent. Taro otherwise denies the remaining allegations of Paragraph 18.

19. This paragraph contains legal conclusions to which no answer is required. To the

extent a response is required, Taro denies the allegations of Paragraph 19.

20. Taro admits that the ’445 patent is not expired, and that Encube informed Taro by letter that it had submitted, and the FDA had received, Encube’s Abbreviated New Drug Application (“ANDA”) No. 215611, under §505(j) of the Federal Food, Drug and Cosmetic Act (“FDCA”), seeking approval to engage in the commercial manufacture, use, or sale of malathion lotion, 0.5%. Taro otherwise denies the remaining allegations of Paragraph 20.

21. Taro admits that on or around September 29, 2021 it received a letter from Encube and refers to that letter for the contents thereof. Taro otherwise denies the remaining allegations of Paragraph 21.

22. This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Taro denies the allegations of Paragraph 22.

23. This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Taro denies the allegations of Paragraph 23.

## COUNT II

## DECLARATORY JUDGMENT OF INVALIDITY OF THE ’324 PATENT

24. To the extent an answer to Paragraph 24 is required, Taro incorporates by reference its answers to the foregoing paragraphs as if fully set forth herein.

25. This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Taro admits that a justiciable controversy exists between Taro and Encube regarding the ’324 patent. Taro otherwise denies the remaining allegations of Paragraph 25.

26. This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Taro denies the allegations of Paragraph 26.

27. Taro admits that the ’324 patent is not expired, and that Encube informed Taro by letter that it had submitted, and the FDA had received, Encube’s Abbreviated New Drug Application (“ANDA”) No. 215611, under §505(j) of the Federal Food, Drug and Cosmetic Act (“FDCA”), seeking approval to engage in the commercial manufacture, use, or sale of malathion lotion, 0.5%. Taro otherwise denies the remaining allegations of Paragraph 27.

28. Taro admits that on or around September 29, 2021 it received a letter from Encube and refers to that letter for the contents thereof. Taro otherwise denies the remaining allegations of Paragraph 28.

29. This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Taro denies the allegations of Paragraph 29.

30. This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Taro denies the allegations of Paragraph 30.

**COUNT III**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ’445 PATENT**

31. To the extent an answer to Paragraph 31 is required, Taro incorporates by reference its answers to the foregoing paragraphs as if fully set forth herein.

32. This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Taro admits that a justiciable controversy exists between Taro and Encube regarding the ’445 patent. Taro otherwise denies the remaining allegations of Paragraph 32.

33. This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Taro denies the allegations of Paragraph 33.

34. Taro admits that on or around September 29, 2021 it received a letter from Encube

and refers to that letter for the contents thereof. Taro otherwise denies the remaining allegations of Paragraph 34.

35. This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Taro denies the allegations of Paragraph 35.

36. This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Taro denies the allegations of Paragraph 36.

**COUNT IV**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ’324 PATENT**

37. To the extent an answer to Paragraph 36 is required, Taro incorporates by reference its answers to the foregoing paragraphs as if fully set forth herein.

38. This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Taro admits that a justiciable controversy exists between Taro and Encube regarding the ’324 patent. Taro otherwise denies the remaining allegations of Paragraph 38.

39. This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Taro denies the allegations of Paragraph 39.

40. Taro admits that on or around September 29, 2021 it received a letter from Encube and refers to that letter for the contents thereof. Taro otherwise denies the remaining allegations of Paragraph 40.

41. This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Taro denies the allegations of Paragraph 41.

42. This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Taro denies the allegations of Paragraph 42.

**RESPONSE TO PRAYER FOR RELIEF**

The remainder of Encube's counterclaims recites a prayer for relief for which no response is required. To the extent a response is required, Taro denies that Encube is entitled to any remedy or relief.

**SEPARATE DEFENSES**

Taro asserts the following defenses without prejudice to the denials in this Answer, and without admitting any allegations of the Complaint not otherwise admitted. Taro does not assume the burden of proof on any such defenses, except as required by applicable law with respect to the particular defense asserted. Taro reserves the right to assert other defenses and/or to otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

**FIRST DEFENSE**

Encube's counterclaims fail to state any claim for which relief may be granted.

**SECOND DEFENSE**

Any additional defenses that discovery may reveal.

OF COUNSEL:

Charles B. Klein
Jovial Wong
Sharon Lin
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, DC 20036
(Tel.) (202) 282-5000
(Fax) (202) 282-5100
cklein@winston.com
jwong@winston.com
slin@winston.com

Dated: December 10, 2021

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
Nicole K. Pedi (#6236)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7705
farnan@rlf.com
pedi@rlf.com

*Attorneys for Plaintiffs Taro Pharmaceutical Industries Ltd, Taro Pharmaceuticals North America, Inc. and Taro Pharmaceuticals U.S.A., Inc.*